```
MARK SEIDENBERG, an individual
1650 Linda Vista Drive, Suite 212
San Marcos, California 92078
Telephone (760) 744-5108
in proper person

MARK SEIDENBERG, as personal
representative of the Estate of Sophie Seidenberg
1650 Linda Vista Drive, Suite 212
San Marcos, California 92078
Telephone (760) 744-5108
in proper person

TREES WOROR, an individual
1650 Linda Vista Drive, Suite 212
San Marcos, California 92078
Telephone (760) 744-5108
in proper person
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREES WOROR, an individual;<br>MARK SEIDENBERG, an individual; and<br>MARK SEIDENBERG, in his capacity as Personal Representative for the<br>ESTATE OF SOPHIE SEIDENBERG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL ROSS, in his capacity as<br>Trustee of the HARRY ROSS AND ANNA ROSS<br>REVOCABLE TRUST, dated July 9, 1987, as<br>restated on May 10, 1993, and as amended as to<br>the Survivor's Trust only on August 31, 2000;<br>PINETREE VILLAGE, LTD., a California Limited<br>Partnership; ESTATE OF HARRY MATHIAS ROSS,<br>deceased; MICHAEL ROSS, in his capacity as<br>special administrator of the Estate of Harry Mathias<br>Ross; DOES 1 through 200; and ROE ENTITIES<br>200 through 220,<br><br>Defendants. | CASE NUMBER: SACV13-00062-JST (JPRx)<br><br>COMPLAINT FOR DAMAGES BASED ON FRAUD<br><br>JURY TRIAL DEMANDED |

*Complaint— Page 1*

COMES NOW, Plaintiffs, MARK SEIDENBERG, an individual, MARK SEIDENBERG, as personal representative for the ESTATE OF SOPHIE SEIDENBERG, and TREES WOROR, an individual (hereinafter collectively referred to as "Plaintiffs"), all acting in proper person, and for their causes of action against Defendants, MICHAEL ROSS, in his capacity as Trustee of the HARRY ROSS AND ANNA ROSS REVOCABLE TRUST, dated July 9, 1987, as restated on May 10, 1993, and as amended as to the Survivor's Trust only on August 31, PINETREE VILLAGE, LTD., a California Limited Partnership, ESTATE OF HARRY MATHIAS ROSS, deceased, MICHAEL ROSS, in his capacity as co-special administrator of the Estate of Harry Mathias Ross, DOES 1 through 200, and ROE ENTITIES 200 through 220, and each of them, hereby complain and allege and state as follows:

## I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. §1331 because the matter involves a federal question based on sovereignty issues due to the prior involvement of the U.S. Department of Housing and Urban Development regarding the subject matter property, as determined by, and reported to Plaintiff Mark Seidenberg, an individual, the United States Attorney's Office for the Central District of California.

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as the subject matter of this complaint and a substantial part of the property involving this complaint is located in the Central District of California, with the real property being located at 500 North Tustin Avenue, Anaheim, California, County of Orange.

## III. PARTIES

3. At all times relevant herein, plaintiff MARK SEIDENBERG, an individual, was and is a resident of Orange County, California.

4. At all relevant times herein, plaintiff MARK SEIDENBERG, in his capacity as personal representative of the ESTATE OF SOPHIE SEIDENGERG was and is a resident of Orange County, California.

5. At all relevant times herein, plaintiff TREES WOROR was and is a resident of Orange County, California.

6. Upon information and belief, at all times relevant hereto, Defendant, MICHAEL ROSS, in his capacity as Trustee of the HARRY ROSS AND ANNA ROSS REVOCABLE TRUST, dated July 9, 1987, as restated on May 10, 1993, and as amended as to the Survivor's Trust only on August 31, 2000 is a resident of San Diego, County, California.

7. Upon information and belief, at all times relevant hereto, Defendant, PINETREE VILLAGE, LTD., a California Limited Partnership, was and is a limited partnership doing business in Orange County, California and Los Angeles County, California and registered with the State of California, reflecting a registered business address of 917 W. Beverly Blvd., Montebello, California 90640.

8. At all relevant times herein, defendant ESTATE OF HARRY MATHIAS ROSS, deceased, is currently pending in the Clark County, Nevada with jurisdiction over the ESTATE OF HARRY MATHIAS ROSS currently resting with the court sitting as probate in the eighth judicial district court of Clark County, Nevada. There is a current dispute as to the domicile of HARRY MATHIAS ROSS which will not be resolved prior to July of 2013.

9. At all relevant times herein, defendant MICHAEL ROSS, in his capacity as special administrator of the Estate of Harry Mathias Ross, was and is a resident of San Diego County, California.

10. The facts and circumstances that give rise to this complaint occurred in Orange County, California. However, upon information and belief, HARRY MATHIAS ROSS, the co-settlor, and surviving settlor of the HARRY ROSS AND ANNA ROSS REVOCABLE TRUST, dated July 9, 1987, as restated on May 10, 1993, and as amended as to the Survivor's Trust only on August 31, 2000 was a resident of Clark County, Nevada at the time of his death. Further, the court sitting in probate for the eighth judicial district for Clark County, Nevada has assumed jurisdiction over the HARRY ROSS AND ANNA ROSS REVOCABLE TRUST, dated July 9, 1987, as restated on May 10, 1993, and as amended as to the Survivor's Trust only on August 31 and a special administration for the Estate of HARRY MATHIAS ROSS is currently pending in the same court. Additionally,

*Complaint— Page 3*

upon information and belief, HARRY MATHIAS ROSS was a general partner of PINETREE VILLAGE, LTD., a California Limited Partnership, with his interest being that of a tenancy in partnership.

11. That the names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 200 and ROE ENTITIES 201 through 220, inclusive, are unknown to Plaintiffs at the time of this filing of this Complaint, who, therefore, sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants, including those designated herein as DOE and ROE ENTITIES are legally responsible for the injuries and damages to Plaintiffs as herein alleged. At such time that Plaintiffs determine the true identities of the DOE and ROE ENTITIES, Plaintiffs will seek leave of the Court to amend this Complaint to set forth the proper names of those Defendants as well as asserting appropriate charging allegations.

## IV. GENERAL ALLEGATIONS

12. On or about November 9, 1995, defendant RUDOLPH SILVA ("SILVA") and HARRY MATHIAS ROSS ("HARRY ROSS"), now deceased, recorded document number 19950500816, making them the owners through PINETREE VILLAGE, LTD., doing business as Pinetree Condominiums ("PINETREE VILLAGE, LTD.") of the property located at 500 North Tustin Avenue, Anaheim, California, with a legal description of "Lot 1 of Track No. 14736 per map filed in Book 730, pages 25 through 28 inclusive, of miscellaneous map in the Office of the County Recorder of the County of Orange."

13. California Department of Real Estate Regulation 2792.15(a) provides that "In subdivisions in which all or a portion of the common areas and facilities are to be transferred to the Association, those areas and facilities shall be transferred to the Association or to a corporate trustee under a trust agreement acceptable to the Commissioner of the Department of Real Estate prior to or coincident with the first transfer or conveyance of a subdivision interest by the subdivider."

14. SILVA and HARRY ROSS, in their capacities as general partners of PINETREE VILLAGE, LTD., executed the "Declaration of Covenants, Conditions And Restrictions And Grant And Reservation Of Easements For Pinetree Condominiums" which contained the same language

provided in California Department of Real Estate Regulation 2792.15(a).

15. Article 2.1 of the of the "Declaration of Covenants, Conditions And Restrictions And Grant And Reservation Of Easements For Pinetree Condominiums" states, in part, on page 11 of the document that "Prior to, or coincident with, Declarant's sale of the first Condomium, Developer shall convey to the Association by grant deed fee title to the Common Area."

16. On or about November 9, 1995, defendant SILVA and HARRY ROSS, as general partners of PINETREE VILLAGE, LTD., recorded the Covenants Conditions & Restrictions (CC&Rs) for the condominium project in document number 19950500816. Pursuant to California law, specifically the Davis-Sterling Act of California, CC&Rs cannot and do not become effective and in turn enforceable until the homeowners association has been given title by the developer/subdeveloper of the common interest areas. As explained below, on information and belief, this purported attempt to transfer did not occur until August 24, 2011, which was well after each unit had been sold to its initial purchaser.

17. On or about September 11, 1996, defendant PINETREE VILLAGE, LTD., began to sell condominium units located at 500 North Tustin Avenue, Anaheim, California.

18. On January 16, 1997, the recordation of the first purported condominium sale was made as document number 19970023750. The purported sale occurred on September 11, 1996 for unit number 26 of Tract 14736 of the project and the grantees were Thomas DeMarco and Kristyn M. DeMarco, as joint tenants, yet it had the wrong legal description. Furthermore, as explained above, no sale was permitted to occur until after or in concurrence with the transfer of the common area homeowners association as explained above. Therefore, the transfer/conveyance of the original unit sold was not permitted, and along with the incorrect legal description, made the transfer/conveyance null and void.

19. On or about January 31, 1997, SILVA, in his capacity as a general partner of PINETREE VILLAGE, LTD., issued a Grant Deed to BRUCE BIEL ("BIEL") which purported to transfer an interest in a condominium unit number 10 to BIEL, but which was not possible as the deed had an incorrect and therefore inoperable legal description and as such made the transfer null and void. The Grant Deed was recorded on May 21, 1997 as document number 19970236780.

20. On or about September 5, 2001, BIEL issued a Grant Deed to plaintiff TREES WOROR, together with her then husband, Theodore Winter, transferring condominium unit number 10 to them, which was recorded as instrument number 20010623481.

21. On or about September 25, 2001, plaintiff TREES WOROR and Theodore Winter, issued two deeds of trust to SOPHIE SEIDENBERG regarding the unit number 10, as evidenced by instrument numbers 201-0623-481 and 201-0623-482. Farmers and Merchants Trust Company, a California Corporation, served as the trustee on both deeds of trust.

22. On or about August 25, 2011, SILVA, in his capacity as general partner for PINETREE VILLAGE, LTD., issued a Grant deed for the common area of PINETREE VILLAGE, LTD., to the Homeowners Association for PINETREE VILLAGE, LTD. Upon information and belief, no prior Grant deed had been delivered to the Homeowners Association for PINETREE VIALLAGE, LTD., however the entity as acting as the Homeowners Association was collecting dues, fees, and assessments from the homeowners of the condominiums of PINETREE VILLAGE, LTD., and enforcing the provisions of the CC&Rs since approximately 1996, which as mentioned above could not have become effective and enforceable under applicable California law without first having acquired title to the common areas of the condominium development.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Fraud)

23. Plaintiffs hereby repeat and re-allege each and every allegation contained in Paragraphs 1 through 23 of Plaintiffs' Complaint and incorporate them in this cause of action as though fully set forth herein.

24. In accordance with applicable California laws and regulations, PINETREE VILLAGE, LTD. and its general partners were required to transfer the fee title ownership of the common areas located at 500 North Tustin Avenue, Anaheim, California to the Homeowners Association for the Pinetree condominiums prior to or coincident with selling any units to the public. On information and belief, this requirement was not complied with until on or about August 25, 2011, approximately 15 years after the first purported sale.

25. Additionally, on information and belief, there was an obligation of PINETREE VILLAGE, LTD., as the subdivider of the project, to seek renewal of the White Reports that were originally issued in 1995 and 1996 allowing escrows for the units to be completed by 2000 and 2001, which were never complied with. PINETREE VILLAGE, LTD., continued to sell units with no authorization to continue to do so from the California Department of Real Estate.

26. In addition to violations and non compliance with the California Department of Real Estate requirements and those under California's property laws, PINETREE VILLAGE, LTD., issued faulty Grant deeds for all but one of the condominium units. As to the one unit that appears to have been properly described, handwritten corrections appeared on the face of the deed evidencing knowledge that there were faulty legal descriptions being provided, yet no further corrections appear to have been made.

27. Plaintiffs believe and hereby allege that PINETREE VILLAGE, LTD., knew that it was issuing faulty deeds to purchasers, yet took no steps to correct the problems to ensure that all original purchasers and subsequent purchasers were conveyed effective title to their units.

28. Plaintiffs believe and hereby allege that PINETREE VILLAGE, LTD., willfully and intentionally violated California property laws and regulations by conveying deeds that they knew were defective and intentionally disregarded requirements not to begin selling units until a Grant deed to the common areas was first or contemporaneously conveyed to the homeowners association prior to the first sale.

29. Due to the intentional and willful fraudulent actions of the Defendants, the Plaintiffs have been harmed and are entitled to both compensatory damages in excess of $75,000 and for punitive damages, pursuant to California Civil Code §3294(c)(3).

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, MARK SEIDENBERG, an individual, MARK SEIDENBERG, as personal representative for the ESTATE OF SOPHIE SEIDENBERG, and TREES WOROR, an individual, demand judgment against Defendants, and each of them as follows:

1. For compensatory damages in an amount in excess of $75,000 for intentionally and willfully conveying title to unit 10 of the Pinetree Village Condominiums that the

*Complaint— Page 7*

   Defendants knew they were not authorized to convey and for conveying title that they knew was defective;

2. For punitive damages in accordance with California Civil Code §3294(c)(3) for intentionally and willfully conveyed title conveying title to unit 10 of the Pinetree Village Condominiums that the Defendants knew they were not authorized to convey and for conveying title that they knew was defective; and

3. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs, MARK SEIDENBERG, an individual, MARK SEIDENBERG, as personal representative for the ESTATE OF SOPHIE SEIDENBERG, and TREES WOROR, an individual, hereby request a jury trial on all issues raised in this complaint.

DATED this 14th day of January, 2013.

By:

_[signature]_

TREES WOROR, an individual, in proper person

By:

_[signature]_

MARK SEIDENBERG, an individual, in proper person

By:

_[signature]_

MARK SEIDENBERG, as personal representative of the ESTATE OF SOPHIE SEIDENBERG, in proper person

*Complaint— Page 8*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br>Seidenberg, Mark; Seidenberg, Mark, as personal representative for the Estate of Sophie Seidenberg; Woror, Trees | **DEFENDANTS**<br>Ross, Michael, Trustee of Harry Ross and Anna Ross Revocable Trust, dated July 9, 1987; Pinetree Village, Ltd., a California Limited Partnership; Estate of Harry Mathias Ross, deceased; Ross, Michael, Special Admin. of Estate of Harry Ross |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>1650 Linda Vista Drive, Suite 212, San Marcos, California 92708<br>Telephone (760) 744-5108 | **Attorneys** (If Known)<br>Peter Palermo, Esq., Palermo, Barbaro, Chinen & Pitzer (Michael Ross-Trustee) 301 East Colorado Blvd., Suite 700, Pasadena, California 91101-1911<br>Brendan Bybee, Esq. Bryan A. Lowe & Associates, 4011 Meadows Lane, Suite 102, Las Vegas, Nevada 89107 (Michael Ross-Trustee and Special Admin.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ in excess of $75,000 + punitives

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
fraud based on real property transaction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-00062 JST (JPRx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)           CIVIL COVER SHEET           Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_ Date January 14, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

**SACV13- 62 JST (JPRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY